IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

DIMITAR PETLECHKOV,

    *Plaintiff*,

    v.                          Case No. 2:25-cv-02170-BCL-tmp

FEDEX CORPORATION, et al.,

    *Defendants*.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION

---

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation, entered September 10, 2025.[1] Doc. 8. The Report recommends denial of Plaintiff's Motion for Leave to File New Civil Court Order Imposing Pre-Filing Restriction and Leave to Proceed IFP (Doc. 1). Plaintiff filed objections to the Chief Magistrate Judge's recommendation. Doc. 9. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections (Doc. 9) and **ADOPTS** the Report and Recommendation. Doc. 8. Therefore, Plaintiff's Motion for Leave to File New Civil Court Order Imposing Pre-Filing Restriction and Leave to Proceed IFP is **DENIED** and this case is **DISMISSED**. Doc. 1.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70

---

[1] The case was originally assigned to Judge Jon Phipps McCalla. Doc. 3. He transferred the case to Judge Thomas Fowlkes, Jr., in February 2025 (Doc. 7). Judge Fowlkes transferred the case to Chief Judge Sheryl H. Lipman in January 2026. Doc. 11. Chief Judge Lipman transferred the case to the undersigned in March 2026. Doc. 12.

(1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive orders, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

## **BACKGROUND**

Plaintiff's criminal case set the foundation for this dispute and others like it. Years ago, Plaintiff was convicted of multiple counts of mail fraud for his execution of a scheme under which he "lied to FedEx and claimed he was a vendor for a high-volume shipper" in order to obtain access to "discounted rates" which he used to "offer shipping services to third parties, pocketing the profit margin between what he charged the third parties and what he paid to FedEx." *United States v. Petlechkov*, 922 F.3d 762, 766 (6th Cir. 2019). The Sixth Circuit affirmed (some of) those convictions in 2019, *id.*; *United States v. Petlechkov*, 2022 WL 168651 (6th Cir. 2022), *United States v. Petlchkov*, 72 F.4th 699 (6th Cir. 2023) (affirming forfeiture order), and Plaintiff later failed in seeking post-conviction relief, *Petlechkov v. United States*, 2021 WL 7085248 (W.D. Tenn. 2021)*, certificate of appealability denied by* 2021 WL 7085173 (6th Cir. 2021). This summary understates the extent of the criminal (and related post-conviction) litigation, which resulted in Plaintiffs deportation.

2

This case involves Plaintiff's related civil litigation.  As the Sixth Circuit has explained, Plaintiff "has filed at least 14 civil actions, including five in the Western District of Tennessee, that either challenge his conviction or sentence or bring claims against FedEx or others connected to this criminal case." *Petlechkov v. Federal Express Corp.*, No. 25-5322, Doc. 16-1 at 2 (6th Cir. Feb. 11, 2026). This suit and at least one that preceded it involved Plaintiff's creation of several, materially identical "gripe" websites through which he complains about FedEx and identified employees (for whom he lists presumably residential addresses) and officers who Plaintiff claims to blame for his conviction.

Plaintiff filed the first such suit seeking an injunction and a declaration that certain domain names he claimed to have registered—including www.boycottfedex.ga and www.canclefedex.ga—did not violate federal law and that instead FedEx violated federal law by having them taken down. Judge Thomas Fowlkes dismissed the lawsuit for lack of standing. *Petlechkov v. Federal Express Corp.*, 2024 WL 2046047, at *4 (W.D. Tenn. 2024).  That ruling was later affirmed.  *See Petlechkov v. Federal Express Corp.*, P2024 WL 5689066, at *1-2 (6th Cir. Nov. 12, 2024).

In addition to dismissing Plaintiff's claims in the first lawsuit, Judge Fowlkes also imposed a preauthorization requirement on new lawsuits filed by Plaintiff due to Plaintiff's frivolous and vexatious litigation:

> Petlechkov is barred from filing new suits in this district court without a certification from a magistrate judge of this district court or an attorney who is a member of the bar of this court that the claims asserted therein are not frivolous, and that the suit is not brought for an improper purpose.

*Petlechkov v. Federal Express Corp.*, No. 2:23-cv-2231-JTF-cgc, Doc. 35 at PageID 7 (June 5, 2024). Judge Fowlkes explained that he was imposing the restriction because Plaintiff had "commenced numerous actions" which had strained judicial resources and which appeared "to

3

have no other purpose but to harass parties with any connection to his criminal conviction." With respect to the specific Lanham Act case before him, Judge Fowlkes reasoned that the case was "a meritless repackaging of" Plaintiff's other meritless proceedings and merely his "prior attack on [FedEx employees] dressed up in Lanham Act legalese and repackaged as a trademark/Free speech case. The case was brought to harass the parties any way one looks at it." The Sixth Circuit affirmed that Order as well, albeit after Plaintiff sought leave to file this case. *See Petlechkov v. Federal Express Corp.*, No. 25-5322, Doc. 16-1 at 1 (6th Cir. Feb. 11, 2026) ("Because the district court did not abuse its discretion by imposing the filing restriction, we affirm.").

Plaintiff sought to file this case on February 16, 2025. Doc. 1. This lawsuit arises out of Plaintiff's creation of another website, with the registered domain name "www.evilfedex.com," which contains materially identical content as the previous websites. In Plaintiff's current complaint, he alleges that "FedEx [has taken] down a domain the plaintiff currently owns," specifically www.evilfedex.com, therefore making this "dispute ripe for judicial determination." Doc. 1 at 2. As in the case discussed in the previous two paragraphs, Plaintiff contends that FedEx improperly interfered with his website. *Id.*

Plaintiff sought preclearance to file the lawsuit, which the Magistrate Judge recommended denying on the ground that the suit was brought for an improper purpose of harassing FedEx and its employees and thus failed the second part of the prefiling restriction. Doc. 8 at 4-5. Plaintiff timely objected in September 2025. Doc. 9. The case was transferred to the undersigned in March 2026, and this Order follows. Doc. 12.

## ANALYSIS

The Court has reviewed the Report and the entire record in this matter, including Plaintiff's objections, and finds no error in the Chief Magistrate Judge's analysis or conclusions.

### I.    Plaintiff's objection to the Report's Findings of Fact is OVERRULED.

Plaintiff objects to the Magistrate Judge's factual finding that he is a "prolific pro se plaintiff" who has filed frivolous lawsuits against FedEx. Doc. 9 at 2.  But Plaintiff himself acknowledges that these findings are "irrelevant to the matter at hand," which is whether the filing of this lawsuit should be authorized under the terms of the order imposing a preclearance requirement. *Id.*  This case does not involve a challenge to the prescreening requirement, which now has been affirmed on appeal in any event—in an opinion recognizing with apparent approval that "the district court's accounting of his prior litigation displays a pattern of repetitive, frivolous, and vexatious litigation." This objection is **OVERRULED**.

### II.    Plaintiff's objections to the Report's Recommendations are OVERRULED.

Plaintiff has raised five legal objections. Plaintiff acknowledges that the first four objections involve issues "irrelevant"—Plaintiff's words—to Judge Pham's recommendation that preclearance to file this lawsuit be denied. Doc. 9 at 2 n.1.  The Court therefore **OVERRULES** these objections because they do not affect the end result.

In his fifth legal objection, Plaintiff contends that the Chief Magistrate Judge erred in concluding that his lawsuit harasses FedEx employees because, in Plaintiff's view, it is just a Lanham Act lawsuit against FedEx itself concerning a website.  But that simply ignores the website at issue here which, for example, opens with "*Send Andrew C. Newbon and Thomas W. Murrey to Jail*" and later says "Andrew Newbon, a slick FedEx Worldwide Account Manager, and Thomas Whitelaw Murrey, Jr., an unscrupulous FedEx attorney, conspired to commit perjury and obstruct justice in order to frame an innocent man and convict him of non-criminal conduct."  Moreover, and more important, the Sixth Circuit already held that a prior, materially similar lawsuit "was merely another attempt by Petlechkov to challenge Newborn's testimony" in the criminal case,

5

such that the imposition of filing restrictions were warranted. This confirms the Report and Recommendation's conclusion that "the court [] already found that an identical website was a continuation of Petlechkov's prior attack on Newbon and Murrey and was brought to harass the parties any way one looks at it," continues to hold in this new case and under this new domain name. Doc. 8 at 7 (quoting *Petlechkov*, 2:23-cv-2231-JTF-cgc (Doc. 35 at 6)).  Plaintiff has failed to show how this case is different in any way, much less any meaningful way. This objection is **OVERRULED**.

## CONCLUSION

Therefore, the Court hereby **ADOPTS** the Report and Recommendation. Doc 8. Plaintiff's Motion for Leave to File New Civil Action Pursuant to Court Order Imposing Pre-Filing Restriction and Leave to Proceed IFP (Doc. 1) is **DENIED.**  This matter is **DISMISSED** with prejudice.

**IT IS SO ORDERED**, this 1st day of July, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE
